IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BOBBY HARRIS,

    Petitioner,

v.                                                      CASE NO. 1:07 -cv-258-MMP-AK

JAMES MCDONOUGH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on a petition for writ of habeas corpus. Doc.1. Petitioner has paid the filing fee. Having carefully considered the matter, the Court recommends that the instant petition be denied as untimely.

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of the following: the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Only subsections(A) is at issue in this case.

On July 1, 1999, Petitioner was sentenced to life imprisonment for burglary with battery and throwing a deadly missile. Doc. 1. Petitioner's conviction and sentence were affirmed on

August 16, 2000.  *Harris v. State*, 764 So.2d 918 (Fla. Dist. Ct. App. 2000).  His conviction therefore became final 90 days thereafter on November 14, 2000, *see Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and the one-year statute of limitations began to run at that time.

Since a properly filed motion for post-conviction relief will toll the one-year filing period, *id*. at § 2244(d)(2), the statute of limitations stopped on April 19, 2001, when Petitioner indicates that he filed a Rule 3.850 motion.  Doc. 1.  At that time, a total of 157 days had expired, and thus, Petitioner had 208 days remaining to file the instant petition.

The lower court subsequently denied the post-conviction motion, and Petitioner appealed that ruling, which was affirmed.  Rehearing was subsequently denied.  The mandate issued on December 27, 2004, and because Petitioner does not get the 90-day period for seeking certiorari from the denial of post-conviction relief, *Lawrence v. Florida*, 127 S.Ct. 1079 (2007), the time for filing the instant matter resumed running at that time and expired 208 days later on July 25, 2005.  Thus, by the time Petitioner deposited the instant petition in the prison mail system on December 14, 2007, the petition was out of time by over two years.

The time for filing a § 2254 petition may be equitably tolled, but only if a petitioner can show "extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).  Petitioner has not attempted to meet this standard, and the Court can glean nothing from the record which would support equitable tolling.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  31st day of January, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**