IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BOBBY HARRIS,

    Petitioner,

v.                                        CASE NO. 1:07-cv-258-MMP-AK

WALTER MCNEIL,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This cause is before the Court on Respondent's motion to dismiss amended petition for writ of habeas corpus, Doc. 18, and Petitioner's motion for stay and abeyance. Doc. 20. According to Respondent, the instant petition is "mixed" for purposes of exhaustion. Doc. 18. More specifically, he claims that "at least one of [Petitioner's] eight claims is clearly unexhausted and the opportunity to return to state court is available to Petitioner...." *Id*. Petitioner argues that the amended habeas petition should not be dismissed; instead, he maintains that this case should be stayed to allow him an opportunity to exhaust the claim at issue . Doc. 20; *see also Rhines v. Weber*, 544 U.S. 269, 271, 277-78 (2005).

Respondent acknowledges that *Rhines* directs this Court to stay, rather than dismiss, a mixed petition where the petitioner "had good cause for his failure to exhaust, his unexhausted

claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," *Rhines*, 544 U.S. at 278, and he indicates that Petitioner meets these criteria for a stay. This Court likewise believes that a stay is appropriate since relief in state court will render moot several of the grounds for relief raised in the amended petition, and in the interest of comity, the state court should be given the first opportunity to address any of Petitioner's claims associated with his sentencing as a prison releasee reoffender. *See* Doc. 18 at 7.

In accordance with the dictates of *Rhines*, however, the stay should not be indefinite. *See Rhines*, 544 U.S. at 277-78. Thus, the stay should require Petitioner to file the appropriate state court motion for post-conviction relief within 30 days after the stay is entered and to advise this Court within 30 days after state court exhaustion is completed.

Accordingly, it is **RECOMMENDED**:

That the motion to dismiss, Doc. 18, be **DENIED**;

That the motion to stay, Doc. 20, be **GRANTED**;

That this cause be **STAYED** pending further order of the Court;

That Petitioner be ordered to file, within 30 days after the stay is entered, an appropriate state court motion for post-conviction relief raising any issues, state and federal, related to his sentencing as a prison releasee reoffender and to file a Notice of Compliance in this Court advising it that the state court motion has been filed;

That Petitioner be ordered to file, within 30 days after state court exhaustion is

completed, a motion to lift the stay.

   **IN CHAMBERS** at Gainesville, Florida, this <u>23rd</u> day of September, 2008.

               <u>*s/ A. KORNBLUM*</u>
               **ALLAN KORNBLUM**
               **UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**